**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE BALDEMAR PEREZ, | No. 09-16290 |
| Petitioner - Appellant, | D.C. No. 1:07-cv-01662-WQH |
| v. | |
| FERNANDO GONZALEZ, Warden,[***] | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
William Q. Hayes, District Judge, Presiding

Submitted December 14, 2010[**]

Before: GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] We grant Respondent's request to substitute the warden of Perez's current prison, rather than the State of California, as the properly-named respondent.

Jose Baldemar Perez appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Perez contends that he was arbitrarily denied a state law entitlement and therefore his due process rights were violated because there was insufficient evidence to corroborate his accomplice's testimony regarding the occurrence of an attempted robbery. The record indicates that there was corroborating evidence sufficient to connect Perez to the commission of the attempted robbery in such a way as to reasonably satisfy the jury that the accomplice was telling the truth. *Laboa v. Calderon*, 224 F.3d 972, 979 (9th Cir. 2000).

Perez also argues that his counsel rendered ineffective assistance by failing to object to: the unsworn testimony of a witness; the admission of that witness' prior inconsistent statements; the competency of that witness; and the trial court's determination of the witness' competency without a separate hearing. Perez has not demonstrated a reasonable probability that the judgment would have been different, had counsel objected. Therefore, Perez cannot establish he was prejudiced by counsel's performance. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

In sum, the state court's rejection of Perez's claims was neither contrary to, nor an unreasonable application of, clearly established federal law, nor an unreasonable determination of the facts based on the evidence presented. *See* 28 U.S.C. § 2254(d).

**AFFIRMED.**